

X Priority
X Send
___ Clsd
X Enter
X JS-5/JS-6
___ JS-2/JS-3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS CHRISTOPHER TIMMONS,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | NO. CV 04-6997 LGB<br>NO. CR 00-226 LGB<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE AND SET ASIDE VOID JUDGMENT FOR WANT OF SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 2255 |

## I. INTRODUCTION

Petitioner Marcus Christopher Timmons ("Petitioner") brings the instant Motion to Vacate and Set Aside Void Judgment pursuant to 28 U.S.C. § 2255 ("Motion").[1]

---

[1] In its entirety, Petitioner's motion is entitled "Petition to Vacate and Set Aside [28 U.S.C. § 2255] Void Judgment No. CR 00-226-LGB For Want of Jurisdiction in 'In Rem and In Personam' In the Nature of Common Law Pursuant to the All Writs Act [28 U.S.C. § 1651] and the Savings to Suitors Clause of the Judiciary Act of 1789, Sess. 1, Ch. 20, § 16 & 9 (a) [28 U.S.C. § 1333]."

THIS CONSTITUTES NOTICE OF ENTRY
REQUIRED BY FRCP, RULE 77(d).

II. **FACTUAL AND PROCEDURAL BACKGROUND**

On April 17, 2000, Petitioner pled guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113 (a) and (d) and one count of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924 (c). (Government's Motion to Dismiss Defendant's Motion for Relief Pursuant to 28 U.S.C. § 2255 ("Opposition") at 2). Petitioner was sentenced for a term of 123 months on August 21, 2000. Id. at 3. Petitioner did not appeal his conviction. Id.

On May 25, 2001, Petitioner filed a Petition to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and amended this Petition on September 5, 2001.[2] The amended petition was denied on July 15, 2002. Id. In the Order Denying Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Order"), this Court declared that the District Court had subject matter jurisdiction over Petitioner's criminal case. (Order at 8).

Petitioner now brings the instant Motion, which was filed on August 20, 2004. Petitioner also filed a supplemental motion on November 3, 2004 ("Supplement").[3] Petitioner challenges his

---

[2] Although Petitioner labeled the Petition "Per 18 U.S.C. § 3742 (1) 'Illegal Sentence' Fourth Amendment Violation, Warrant, Legislative Trial and Some Kind of Hearing Acting as Bill of Attainder," the court construed it as a motion to amend the § 2255 motion. (Opposition at 3).

[3] This supplemental motion is entitled "Judicial Notice: To Vacate and Set Aside [28 U.S.C. § 2255] Void Judgment No. CR 00-226-LGB, on the Law Side of Court, Under the Penalty of Felony Breach of Oath, in Accordance with

2

conviction by claiming the district court lacks "subject matter jurisdiction" to enforce the "void judgment." (Motion at 2). Petitioner asserts the United States courts only have jurisdiction over "corporate artificial persons." (Supplement at 6). As a "de jure American national," Petitioner argues the courts lack subject matter jurisdiction over his case. (Supplement at 15). Petitioner then concludes he is being unlawfully imprisoned because the court was without subject matter jurisdiction to impose his sentence. (Motion at 2).

In response, Respondent United States ("Respondent") filed the Opposition on November 15, 2004. Petitioner filed a reply to the Opposition on December 9, 2004.[4] On January 25, 2005, Petitioner also submitted an Ex Parte Petition for Immediate Hearing.[5]

---

Specific Performance Contract for the Constitution for the United States of America, Article VI, Clause 2 and 3 (1787); First Congress, Session I, Ch. 20, 1789, Sec. 8."

[4]The reply is labeled "Issuance of Petition for Writ of Habeus Corpus Ad Subjiciendum, Petition for Discovery by Subpoena Duces Tecum and Opposition to Government's Motion to Dismiss. Jurisdiction: Judiciary Act of 1789, Session 1, Ch. 20, § 16, § 14 & § 9 (a)."

[5]Pursuant to 28 U.S.C. § 2255, the Court must grant an evidentiary hearing when a prisoner files a § 2255 motion unless the motion and the files of the case conclusively show that the prisoner is not entitled to relief. As will be discussed, Petitioner's Motion fails, and the request for a hearing is DENIED.

## III. ANALYSIS

### A. Petitioner Failed to Follow the Proper Procedure in Filing a Successive § 2255 Motion

A petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 D.3d 1270, 1273 (9th Cir. 2001). In order for this Court to review a successive claim, 28 U.S.C. § 2255 mandates that the successive motion must be certified by the appropriate court of appeals beforehand. Petitioner filed a § 2255 motion challenging the constitutionality of his sentence on May 25, 2001, in which he challenged the Court's subject matter jurisdiction. In the instant Motion, Petitioner once again challenges the Court's subject matter jurisdiction. (Motion at 2). This claim could have been raised in the earlier petition, and, therefore, the instant Motion is successive.

Petitioner has not obtained permission from the Court of Appeals to file a successive motion. (Opposition at 5). Accordingly, this Court lacks jurisdiction over the instant Motion. United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

### B. Petitioner's Instant Motion is Time-Barred

Even if this Motion is not deemed successive, 28 U.S.C. § 2255 establishes a one-year period of limitation from the date on which the judgment of conviction became final for bringing habeus corpus motions.[6] When a defendant fails to appeal, the conviction becomes

---

[6] 28 U.S.C. § 2255 provides additional commencement dates for the limitations period, but none of these are applicable to Petitioner's case.

4

1  final ten days after the entry of judgment.   United States v.
2  Schwartz, 274 F.3d 1220, 1224 (9th Cir. 2000). Petitioner did not
3  appeal his case, and his judgment thus became final on September 3,
4  2000.  The instant Motion was filed on August 20, 2004, which is
5  after the one-year deadline.  As a result, Petitioner's Motion is
6  time-barred.

**IV.    CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate and Set Aside Void Judgment for Want of Subject Matter Jurisdiction under 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

DATE: *February 9, 2005*

*[signature]*
LOURDES G. BAIRD
United States District Judge

---

(i.e. unconstitutional government interference with filing Petitioner's motion, reliance on a new constitutional right, or reliance on newly discovered facts).

5